IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16-6 |
| | ) | |
| v. | ) | JUDGE MARILYN J. HORAN |
| | ) | |
| JONATHAN BRUNSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.   Introduction

Pending before the Court is Defendant Jonathan Brunson's ("Mr. Brunson") "Motion Requesting a *James* Hearing" ("Motion for a *James* Hearing").[1] (ECF No. 2074). Mr. Brunson's Motion is fully briefed (ECF Nos. 2074, 2082) and ripe for disposition. For the following reasons, the Court **DENIES** his Motion.

### II.   Background

On November 9, 2021, a Federal Grand Jury returned a fourteen (14) count Superseding Indictment against thirty-two (32) defendants. (ECF No. 453). The Grand Jury charged Mr. Brunson in particular with four offenses. (*See* ECF No. 453).

Specifically, at Count One, ("Count I"), the Grand Jury charged Mr. Brunson and his thirty-one alleged co-conspirators with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin; 5 kilograms or more of a mixture and substance containing a detectable amount of

---

[1] "A *James* [H]earing is a pretrial hearing to determine the existence of a conspiracy and the admissibility of any statements of alleged co-conspirators under Rule 801(d)(2)(E)" of the Federal Rules of Evidence. *United States v. Savage*, No. 07-CR-550, 2012 WL 5866068, at *3 (E.D. Pa. Nov. 20, 2012).

cocaine; 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack; 400 grams or more of a mixture and substance containing a detectable amount of fentanyl; 50 grams or more of methamphetamine; and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii), in violation of Title 21, United States Code, Section 846. (ECF No. 453 at 2–3; ECF No. 454 at 2).

At Count Two, ("Count II"), the Grand Jury charged Mr. Brunson with distribution of a quantity of a mixture and substance containing a detectable amount of heroin and a detectable amount of fentanyl, resulting in serious bodily injury, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (ECF No. 453 at 4; ECF No. 454 at 2).

At Count Three, ("Count III"), the Grand Jury charged Mr. Brunson with distribution and possession with intent to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). (ECF No. 453 at 5; ECF No. 454 at 2).

Finally, at Count Five, ("Count V"), the Grand Jury charged Mr. Brunson with possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and quantities of mixtures and substances containing detectable amounts of heroin, crack cocaine, and methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C). (ECF No. 453 at 7; ECF No. 454 at 3).

On May 9, 2025, Mr. Brunson filed his Motion for a *James* Hearing. (ECF No. 2074). Therein, Mr. Brunson states that the "Government has disclosed various documents and evidence [that] it may attempt to introduce at trial[,] and [he] has a good-faith belief that the Government will attempt to introduce statements of [his] alleged co-conspirators" at trial. (*Id.* at 1). He therefore requests a "pretrial hearing … to determine the admissibility of co-conspirator statements." (*Id.* at 2). In support of this request, he argues that: (1) it would be onerous for the Court to determine the admissibility of all alleged co-conspirator statements during trial; (2) not conducting a pretrial hearing in this matter could lead to a violation of Mr. Brunson's due process rights and cause a mistrial; and (3) this Court can operate outside of the Federal Rules of Evidence during a pretrial hearing. (*See* ECF No. 2074).

The Government filed its Response to Mr. Brunson's Motion on May 16, 2025. (ECF No. 2082). In opposing Mr. Brunson's request for a pretrial hearing, the Government argues that a "determination of whether a statement qualifies as a Rule 104(b) and 801(d)(2)(E) co-conspirator statement often requires trial context." (*Id.* at 2). But the "development of such context prior to trial would require, at best, potentially lengthy testimony and the presentation of a significant amount of evidence during a pretrial hearing." (*Id.* at 2–3). Further, because of the typical nature of a pretrial hearing, the Government contends that such a hearing "would likely only result in preliminary rulings that would need to be revisited during trial." (*Id.* at 3). Finally, while Mr. Brunson "is presently the only remaining defendant proceeding to trial in this 32-defendant case, the evidence of the conspiracy that he participated in will be [as] voluminous and complex as if [Mr. Brunson's] co-conspirators were on trial as well." (*Id.* at 4). For these and other reasons, the Government requests that the Court deny Mr. Brunson's Motion. (*See* ECF No. 2082).

As the Government notes, as of the date of this Memorandum Opinion and Order, all thirty-one (31) of Mr. Brunson's alleged co-conspirators have entered guilty pleas. Mr. Brunson's trial is currently scheduled to begin on August 11, 2025. (ECF No. 2166).

### III. Discussion

A "statement that 'is offered against an opposing party and … was made by the party's coconspirator during and in furtherance of the conspiracy' is not hearsay." *United States v. Bell*, No. 3:23-CR-26, 2024 WL 1892283, at *14 (M.D. Pa. Apr. 30, 2024) (quoting Fed. R. Evid. 801(d)(2)(E)). Therefore, the "rule against hearsay would not bar the government from introducing at trial statements of [Mr. Brunson's] co-conspirators made during and in furtherance of the conspiracy." *Id.*

In discussing a District Court's responsibility to "determine whether the government has proven by a preponderance of the evidence that [a given statement is] admissible under Rule 802(d)(2)(E)[,]" the Third Circuit has recognized that "the 'control of the order of proof at trial [for admission of statements under Rule 801(d)(2)(E)] is a matter committed to the discretion of the trial judge[.]'" *United States v. Weaver*, 507 F.3d 178, 187–88 (3d Cir. 2007) (quoting *United States v. Ammar*, 714 F.2d 238, 246 (3d Cir. 1983)). In exercising this discretion, the District Court may either: "(1) conduct a pretrial evidentiary hearing [to determine the admissibility of a statement under Rule 801(d)(2)(E)]; or (2) conditionally admit the challenged conversation 'subject to the requirement that the government make [its Rule 801(d)(2)(E)] showing by the close of its case[.]'" *Id.* (quoting *Ammar*, 714 F.2d at 247) (noting that the latter procedure should be "carefully considered and sparingly utilized"). The Third Circuit has "upheld [a] district court's decision to admit co-conspirator hearsay subject to later connection" where the "large amount of interrelated

testimony to be considered" may have resulted in "alternative approaches [being] unduly complex and confusing … to the court." *United States v. Gambino*, 926 F.3d 1355, 1360 (3d Cir. 1991) (internal quotation marks and citation omitted) ("Similar difficulties confront the trial judge in many large-scale conspiracy cases."); *see also United States v. Savage*, No. 07-CR-550, 2012 WL 5866068, at *4 (E.D. Pa. Nov. 20, 2012) ("For cases involving complex conspiracies with large amounts of interrelated testimony, the Government is permitted to admit the co-conspirators' statements subject to later proof of the conspiracy.") (internal quotation marks and citation omitted).

As the Court noted earlier, this case involves a total of 32 defendants charged by way of a 14-count Superseding Indictment. *See supra* Section II. The Court is therefore highly concerned that a pretrial hearing assessing the admissibility of certain statements under Rule 802(d)(2)(E) would effectively become an "unduly complex and confusing" mini-trial involving a "large amount of interrelated testimony[.]" *Gambino*, 926 F.3d at 1360. Indeed, while only Mr. Brunson is proceeding to trial, the Government represents that establishing the admissibility of alleged co-conspirator statements will require the submission of "evidence of the conspiracy that he participated in [that is as] voluminous and complex as if [Mr. Brunson's] co-conspirators were on trial as well." (ECF No. 2082 at 4). Based on the Court's familiarity with this case, the Court finds that there is much truth to the Government's statement. In short, given the significant breadth of this case and the number of defendants involved, the Court finds that trial context is the best way for it to assess whether the Government has met its burden of showing the admissibility of any particular alleged co-conspirator statement under Rule 802(d)(2)(E). Therefore, upon careful consideration of these and all other circumstances in this case, the Court will deny Mr. Brunson's

Motion for a *James* Hearing at ECF No. 2074. *Bell*, 2024 WL 1892283, at *15 (denying Motion for a *James* Hearing in similar circumstances as those before this Court); *United States v. Akins*, No. 2:14-CR-270, 2016 WL 374255, at *8 (W.D. Pa. Feb. 1, 2016) (denying Motion for a *James* Hearing in similar circumstances as those before this Court); *Savage*, 2012 WL 5866068 (denying Motion for a *James* Hearing in similar circumstances as those before this Court).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16-6 |
| | ) | |
| v. | ) | JUDGE MARILYN J. HORAN |
| | ) | |
| JONATHAN BRUNSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

**AND NOW**, to wit, this 24th day of July, 2025, upon consideration of Defendant Jonathan Brunson's ("Mr. Brunson") "Motion Requesting a *James* Hearing[,]" (ECF No. 2074), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE